**WILLIAM H. PRUITT, ESQ.**
Nevada Bar No. 6783
**JOSEPH R. MESERVY, ESQ.**
Nevada Bar No. 14088
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, Nevada 89031
Telephone: (702) 870-3940
Facsimile: (702)870-3950
E-Mail: bpruitt@lvnvlaw.com
*Attorneys for*
*United Financial Casualty Company*

**BARRON & PRUITT, LLP**
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY; | Case No: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| BOBBY MILTON HOLMES, individually; KAYLA MICHAEL, individually; JAMES LASSITER, individually; and LAS VEGAS PARKING, INC., individually; a Domestic Corporation; DIGNITY HEALTH d/b/a ST. ROSE DOMINICAN HOSPITAL—SIENA CAMPUS, a Foreign Nonprofit Corporation; COMMONSPIRIT HEALTH, a Foreign Nonprofit Corporation; DOES I through XX, inclusive; and ROE CORPORATIONS I through XX, inclusive, | |
| Defendants. | |

UNITED FINANCIAL CASUALTY COMPANY, by and through its attorneys, Barron & Pruitt, LLP, sets forth its Complaint for Declaratory Relief and alleges as follows:

## I.   PARTIES

1.      Plaintiff UNITED FINANCIAL CASUALTY COMPANY ("United"), is an Ohio-domiciled corporation with its principal place of business in said state. United underwrites, issues and services automobile insurance policies, and is authorized to transact the business of insurance in the state of Nevada at all times relevant hereto.

2.      Defendant BOBBY MILTON HOLMES ("Holmes") was at all times relevant hereto a resident of Clark County, Nevada.

1

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

3. Defendant KAYALA MICHAEL ("Michael") was at all times relevant hereto a resident of Clark County, Nevada.

4. Defendant JAMES LASSITER ("Lassiter") was at all times relevant hereto a resident of Clark County, Nevada.

5. Defendant DIGNITY HEALTH d/b/a ST. ROSE DOMINICAN HOSPITAL – SIENA CAMPUS ("St. Rose Hospital"), is, and at all times relevant hereto, was a Foreign Non-profit Corporation, doing business in the State of Nevada.

6. Defendant COMMONSPIRIT HEALTH ("CommonSpirit"), is, and at all times relevant hereto, was a Foreign Non-profit Corporation, doing business in the State of Nevada.

7. Defendant LAS VEGAS PARKING, INC. ("LV Parking"), is, and at all times relevant hereto, was a Domestic Corporation doing business in the State of Nevada.

8. The Defendants identified in paragraphs 2-7 are individuals or business entities named in the underlying case of Bobby Milton Holmes, individually, vs. Kayla Michael, individually; James Lassiter, individually; Las Vegas Parking, Inc., a Domestic Corporation; Dignity Health d/b/a St. Rose Dominican Hospital-Sienna Campus, a Foreign Nonprofit Corporation; and Commonspirit Health, a foreign Nonprofit Corporation, filed in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-25-933331-C, (hereafter the "underlying litigation").

## II. JURISDICTION AND VENUE

9. This declaratory judgment action is brought under United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and the Federal Rules of Civil Procedure, Rule 57, Declaratory Judgments.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

11. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §2201.

12. Venue is proper in this Court, as the events relating to this lawsuit occurred in Clark County, Nevada.

///

///

2

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

### III. GENERAL ALLEGATIONS

13. The underlying complaint was filed on November 20, 2025 in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-25-933331-C. See **Exhibit A.**

14. The underlying complaint alleges that on or about February 18, 2024, Bobby Holmes was walking in the pedestrian crosswalk from the parking garage on the east side of St. Rose Dominican Hospital, and as he crossed the lane for northbound travel, he was struck by a golf cart operated by Kayla Michael.

15. At the time of the subject incident, Kayla Michael was operating the golf cart within the course and scope of her employment with one or all of Corporate Defendants.

16. It is further alleged in the underlying complaint that Kayla Michael owed Bobby Holmes a duty of care to operate the golf cart in a reasonably safe manner and that Ms. Michael breached such duty of care, and caused injury to Mr. Holmes.

17. The underlying complaint also alleges that Dignity Health, Commonspirit Health, and Las Vegas Parking, Inc. were liable for the negligent acts of their agent/employee, Kayla Michael and James Lassiter.

18. Based on the allegations contained in the underlying complaint, multiple causes of action were asserted, including claims for negligence; negligent hiring, training, retention and supervision; negligent entrustment and premises liability; and a recovery of general and special damages, as well as punitive damages, is sought.

19. Prior to the subject incident, Plaintiff United had issued a commercial auto liability policy, policy no 989334750, to LV Parking for the policy period November 16, 2024 to May 16, 2025 (hereinafter referred to as "the Policy").

20. Under PART I-Liability To Others, the subject Policy provides as follows: "Subject to the Limits of Liability, if **you** pay the premium for liability insurance coverage for the **insured auto involved, we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** … for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto."** See **Exhibit B.**

21. The Policy defines and "insured auto" as "a. Any **Auto** specifically described on the **declarations page;** or b. An additional **auto** for Part I-Liability To Others …on the date **you** become

3

the owner if: (i) **you** acquire the **auto** during the policy period shown on the **declarations page**; (ii) **we** insure all autos owned by **you** that are used in **your** business; (iii) no other insurance policy provides coverage for that auto; and (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage."

22.    Although several vehicles were listed as covered autos on the declarations page for the subject policy, the golf cart operated by Defendant Michael at the time of subject incident was not listed as a covered auto under the Policy.  See **Exhibit C.**

23.    Moreover, Defendant Michael was not identified as a listed or rated driver under the Policy.

24.    Nor was there any request received from Las Vegas Parking, Inc. to add the subject golf cart to the Policy.

25.    Nevertheless, in response to underlying litigation, Plaintiff United assigned defense counsel to Las Vegas Parking, Inc., who appeared on its behalf in the underlying litigation.

26.    Plaintiff United has incurred attorney's fees and costs in providing a defense to Las Vegas Parking, Inc. in the underlying litigation.

27.    Additionally, on December 31, 2025, Defendants St. Rose Hospital, Commonspirit and Lassiter sought to tender their defense to Plaintiff United, as the insurer of Las Vegas Parking, Inc., for claims arising from the subject incident.  See **Exhibit D**.

28.    Because of the foregoing coverage concerns, on February 3, 2026, Plaintiff Untied issued a reservation of rights letter to its insured, Las Vegas Parking, LLC, advising that United was handling the claim arising from the subject incident under a reservation of rights and indicated that coverage may be denied in the future. See **Exhibit E**.

## IV. FIRST CAUSE OF ACTIO
### Declarative Relief

29.    Plaintiff incorporates by reference each and every allegation previously made in Paragraphs 1 through 28 of this Complaint.

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

30.     The golf cart operated by Defendant Michael at the time of subject incident was not a covered auto under the subject Policy, nor was Defendant Michael a listed or rated driver under said Policy.

31.     Because the subject incident did not arise out of the ownership, maintenance or use of an insured auto, there is no coverage under the Policy for the claims asserted in the underlying litigation.

32.     As such, Plaintiff United is entitled to a declaratory judgment stating that it has no duty to defend or indemnify Las Vegas Parking, Inc. or any other Defendant in the underlying litigation.

33.     Moreover, as punitive damages are not covered under the express terms of the subject Policy, Plaintiff United is entitled to a declaratory judgment stating that it has no duty to indemnify any Defendant in the underlying litigation against any award of punitive damages.

34.     Pursuant to United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and Rule 57 of the Federal Rules of Civil Procedure, Declaratory Judgments, Plaintiff United seeks a declaration of the duties, rights and interests of the Parties under the subject Policy, and as related to the tender of defense, the duty to defend and the duty to indemnify.

35.     Plaintiff United has been obligated to retain counsel to represent it in the prosecution of this matter, and has incurred attorney's fees and costs.

WHEREFORE, Plaintiff United respectfully requests that this Court issue a declaratory judgment against the Defendants, and each of them, as follows:

1. A declaration that the subject Policy provides no duty to indemnify Defendants for any alleged damages arising from the subject incident and as sought in the underlying litigation;

2. That Plaintiff United does not have and has never had a duty to defend Defendant Las Vegas Parking, LLC, or and other Defendant in the action brought against them in the underlying litigation;

3. That Plaintiff United is entitled to recover the fees and costs it has incurred in defending :Las Vegas Parking, LLC and any other Defendant in the underlying litigation in an amount to be proved at trial;

4.  A declaration of the court as to the rights, duties and responsibilities of the Parties in relation to the subject Policy and the allegations made in the complaint in the underlying litigation;

5.  An award of attorney's fees and costs incurred by Plaintiff Untied in prosecuting this action; and

6.  For such other and further relief as the Court deems just and proper in the premises.

BARRON & PRUITT, LLP

*/s/ William H. Pruitt*

WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 6783
JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for United Financial Casualty Company*

6